UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHIOTEK, LLC, <br><br> and <br><br> YALE UNIVERSITY, <br><br>    Plaintiffs, <br><br> v. <br><br> GLOBUS MEDICAL, INC., <br><br>    Defendant. | Civil Action No. _____ <br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

The plaintiffs, Rachiotek, LLC and Yale University (collectively, "Rachiotek"), complain against the defendant, Globus Medical, Inc. ("Globus") as follows.

## NATURE OF ACTION

1. In this case, Rachiotek alleges that Globus infringes a patent by making, using, offering for sale, and/or selling devices that provide spinal stabilization. As a result of this patent infringement, Rachiotek seeks preliminary and permanent injunctions and damages.

## THE PARTIES

2. Rachiotek, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 70 Walnut Street, Wellesley, MA 02481-2102. Rachiotek, LLC, is engaged in the design, manufacture, and clinical testing (in preparation for commercial sale) of medical devices for use in the surgical treatment of spine disease.

3. Yale University is a corporation organized and existing under and by virtue of a charter granted by the general assembly of the Colony and State of Connecticut, having a place of business at 433 Temple Street, New Haven, Connecticut, 06520-8336.

4. On information and belief, Globus is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2560 General Armistead Avenue, Audubon, Pennsylvania, 19403.

## JURISDICTION AND VENUE

5. This case involves patent infringement and arises under the Patent Laws of the United States, Title 35, United States Code.  This Court has jurisdiction under at least 28 U.S.C. §§ 1331 (federal question) and 1338 (patent actions).

6. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).  Globus has committed and/or threatened to commit acts of infringement in this District, and this action arises from those acts.  Globus has regularly engaged in business in Massachusetts and has purposefully availed itself of the privilege of conducting business in this District, for example, by offering for sale and selling the spinal stabilization devices in this District.

## THE INFRINGED PATENT

7. U.S. Patent No. 7,931,675, entitled "Dynamic Stabilization Device Including Overhanging Stabilizing Member," issued on April 26, 2011, to Panjabi *et al*. ("the '675 patent").  Rachiotek LLC is a joint owner of the '675 patent and the exclusive licensee of the rights of its joint owner, Yale University, in and to the '675 patent.  Rachiotek has the right to sue, to sublicense, and to otherwise enforce and protect the exclusive rights under the '675 patent.  A copy of the '675 patent is attached as Exhibit A.

8. The '675 patent is generally directed to spinal stabilization devices for use in stabilizing a spinal segment, *e.g*., a spinal segment between adjacent vertebrae.  The '675 patent

2

includes a series of independent and dependent claims that define various embodiments of the spinal stabilization devices that are disclosed in the '675 patent, including, for example, spinal stabilization devices that include first and second resilient members that cooperate to deliver a non-linear force displacement response to relative motion between first and second attachment members or stops associated with the spinal stabilization device.  One of the resilient members is in an "overhanging" orientation, i.e., it is positioned outward of the region defined between the first and second attachment members or stops.

9. The '675 patent has not expired and is in full force and effect.

10. Pursuant to 35 U.S.C. § 282, the '675 patent and each of its claims are presumed valid.

## GLOBUS MEDICAL'S INFRINGEMENT

11. Globus makes, uses, offers for sale, and sells spinal stabilization devices under the TRANSITION brand name.  The TRANSITION spinal stabilization device is used by clinicians in stabilizing one or more spinal segments.  The TRANSITION spinal stabilization device includes first and second resilient members that cooperate to deliver a non-linear force displacement response to relative motion between first and second attachment members or stops associated with the TRANSITION spinal stabilization device.  One of the resilient members of the TRANSITION spinal stabilization device is in an "overhanging" orientation, i.e., it is positioned outward of the region defined between the first and second attachment members or stops. An information sheet for the TRANSITION device from the Globus website is attached as Exhibit B.

12. The TRANSITION spinal stabilization device infringes one or more claims of the '675 patent.

## COUNT I
## INFRINGEMENT OF THE '675 PATENT

13. Rachiotek re-alleges and incorporates by reference paragraphs 1-13 above.

14. In violation of 35 U.S.C. § 271(a), (b) and/or (c), Globus has been and still is infringing, contributing to, and/or actively inducing infringement of the '675 patent by manufacturing, using, offering to sell, and/or selling within the United States the TRANSITION spinal stabilization device.

15. Globus has profited and continues to profit from its manufacture, use, offers to sell, and sale of the TRANSITION spinal stabilization device.

16. On information and belief, infringement of the '675 patent by Globus has been and continues to be willful, wanton, and deliberate.

17. Rachiotek has been and continues to be damaged and irreparably harmed by infringement of the '675 patent by Globus.

**WHEREFORE**, Rachiotek respectfully asks this Court to enter judgment for Rachiotek and against Globus and to grant Rachiotek the following relief:

A. A judgment under 35 U.S.C. § 271 finding that Globus infringes the '675 patent;

B. An order under 35 U.S.C. § 283 preliminarily and permanently enjoining Globus from infringing the '675 patent;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Rachiotek for infringement of the '675 patent by Globus and an accounting to determine the proper amount of such damages;

D. A three-fold increase in damages as a result of the willful acts of infringement by Globus;

E. An award under 35 U.S.C. § 284 of costs and prejudgment and post judgment interest on the compensatory damages to be awarded to Rachiotek;

F. An award under 35 U.S.C. § 285 of Rachiotek's attorney's fees incurred in this action; and

G. Such further relief as this Court deems just and proper.

## JURY DEMAND

Rachiotek demands a trial by jury on all issues so triable.

Dated: Boston, Massachusetts
August 22, 2011

Respectfully submitted,

RACHIOTEK, LLC and YALE UNIVERSITY
By its attorneys

/s/ Erik Paul Belt
Erik Paul Belt (BBO # 558620)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts  02110
Tel:  (617) 449-6500
Fax: (617) 607-9200
Email: ebelt@mccarter.com